VINCENT GRAIN COMPANY, APPELLEE, v. JOHN E. ENGLISH, APPELLANT.

FILED MAY 17, 1919.   No. 20364.

1. **Grain Exchange: RULES: NOTICE.** A rule of the Omaha Grain Exchange, or a custom of its members, that contracts for the sale and delivery of grain sold to its members do not expire until canceled by a party to the contract cannot bind a seller of grain who had no knowledge of such rule, or custom, and only had occasional dealings with a member of the exchange.

2. **Evidence** examined, and *held* to sustain the verdict.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Jacob Fawcett* and *John J. Ledwith,* for appellant.

*B. F. Good, A. W. Richardson* and *Paul F. Good,* contra.

Letton, J.

Action for damages for failure to deliver grain. The jury returned a verdict for $718.53, a smaller amount than plaintiff claimed. Defendant appealed, and plaintiff filed a cross-appeal.

Plaintiff is a grain dealer in Omaha, and defendant is a farmer living near Cheney. On July 11, 1916, at plaintiff's office in Omaha, they entered into a written contract, whereby defendant sold to plaintiff two 80,000-pound capacity cars of No. 2 hard wheat, to be delivered in 30 days on track at Cheney, Nebraska, at the price of 95½ cents a bushel. This contract also specified the quantity as "about 3,000 bushels."

Defendant was not able to get his wheat threshed until late in July. On August 5 he ordered two cars from the station agent at Cheney in which to ship the wheat. These cars did not arrive until August 17. On August 7 defendant wrote plaintiff that he had ordered cars, and asked plaintiff to order them also, also saying that he had only 2,603 bushels of wheat, and had to keep about 150 bushels for seed. Plaintiff replied the same day, saying it would take up the question of cars with the railroad company, but insisting that the contract called for two cars of 80,000-pound capacity, but was willing to make it 2,900 bushels. No reply was received to this letter. On August 21 plaintiff again wrote, stating that they had been looking for the cars, and were making an extension of time under the rules of the grain exchange. The next day, having received information in the meantime from the railroad company that defendant had canceled his order for cars, plaintiff wrote him that, if the grain was not shipped at once, it would consider the contract canceled, and

would purchase on the market on Friday of that week. The grain not being shipped, plaintiff purchased enough wheat on August 25 to fill the contract, paying $1,412.69 more than the contract price. This is the amount which it seeks to recover.

Plaintiff pleads a custom to extend known to the defendant. The contract contains no provision for any extension of time.

Defendant pleads that plaintiff agreed to furnish cars.

The evidence fails to support the contention of plaintiff that such a custom was known to the defendant. There was no proof that he had ever dealt upon the Omaha Grain Exchange, or was familiar with its rules, or had ever had more than one or two isolated transactions of this nature. Apparently he was dealing with plaintiff without reference to the operations of the Grain Exchange. He could not therefore be bound by its rules, or by a custom among grain brokers not known to him or brought to his attention. *Blakemore, Mayo & Co. v. Heyman,* 6 Fed. 581. The evidence also fails to support the contention of defendant that plaintiff agreed to furnish cars.

The amount of the verdict indicates that the jury considered that defendant breached the contract by failure to deliver on or before August 11, as the contract required, and that plaintiff was entitled to recover the difference between the market price at Cheney on August 11 and the contract price. We find no prejudicial error in the record. There is a disparity of a few dollars in the amount rendered in the verdict and this amount, but not enough to justify the court in setting aside the judgment.

- The judgment of the district court is therefore

AFFIRMED.